**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SANDEEP KUMAR,**<br>***Petitioner,*** | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-cv-6689** |
| **WARDEN, Philadelphia Federal Detention Center, Philadelphia, PA, et al.,**<br>***Respondents.*** | : | |

## MEMORANDUM

**KENNEY, J.** **SEPTEMBER 21, 2026**

Before the Court is Petitioner Sandeep Kumar's Petition for Writ of Habeas Corpus (the "Habeas Petition") (ECF No. 1), Respondents' Response in Opposition to Petition for Writ of Habeas Corpus (the "Response") (ECF No. 5), and Respondents' Supplemental Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 8). For the reasons set forth below, the Court will **DENY** Petitioner's Habeas Petition (ECF No. 1).

## I. BACKGROUND

Petitioner Sandeep Kumar is a citizen of India who entered the United States on or about 2024 without inspection or parole under 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 1 ¶¶ 32, 38, 42. He was served with a Notice to Appear and placed in removal proceedings. *Id.* ¶¶ 39–40; *see also* ECF No. 5-1 at 2–4. During the over two years that he has been in the United States, Petitioner has been pursuing asylum and has "consistently complied with DHS supervision," including attending his required check-ins with U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1 ¶¶ 41–45. On September 2, 2026, agents of ICE arrested and detained Petitioner when he appeared at one of his routine check-ins. *Id.* ¶¶ 3, 46. Two days later, on September 4, 2026, Petitioner filed the instant Habeas Petition.

## II. LEGAL STANDARD

A federal district court can grant habeas relief when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Habeas is at its core a remedy for unlawful executive detention[,]" *Munaf v. Geren*, 553 U.S. 674, 693 (2008), and is "regularly invoked on behalf of noncitizens, particularly in the immigration context." *I.N.S. v. St. Cyr*, 533 U.S. 289, 305 (2001), *superseded by statute on other grounds*. It is Petitioner's burden to demonstrate that he is being detained in violation of the Constitution or federal law. *See Walker v. Johnston*, 312 U.S. 275, 286–87 (1941). In addition, the Fifth Amendment of the United States Constitution entitles noncitizens to due process of law in immigration and deportation proceedings. *See Serrano-Alberto v. Att'y Gen. U.S.*, 859 F.3d 208, 211 (3d Cir. 2017) ("The Fifth Amendment protects the liberty of all persons within our borders, including aliens in immigration proceedings who are entitled to due process of law—that is, a meaningful opportunity to be heard—before being deported.").

## III. DISCUSSION

In his Habeas Petition, Petitioner argues that Respondents unlawfully subjected him to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), in contravention of binding Third Circuit authority. *See* ECF No. 1 ¶¶ 4–7; *see also Buele Morocho v. Warden Phila. FDC*, Nos. 26-1150 & 26-1454, --- F.4th ----, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). Petitioner seeks immediate release from detention and, if Respondents decide to re-detain him under 8 U.S.C. § 1226(a), he contends that he must first be provided with an individualized bond hearing before an immigration judge. *See* ECF No. 1 ¶ 8; *see also id.* at 12 (Prayer for Relief).

In their Response, Respondents argue that Petitioner's Habeas Petition must be dismissed because he failed to exhaust his administrative remedies prior to filing it. *See* ECF No. 5 at 7–8.

Respondents explain that they have *not* detained Petitioner under 8 U.S.C. § 1225(b)(2)(A); instead, they have lawfully detained Petitioner under 8 U.S.C. § 1226(a). *See id.* at 2, 5–7. In addition, they attached Petitioner's form I-286, the Notice of Custody Determination, in which Petitioner requested review of ICE's custody determination with an immigration judge. *See id.* at 2; ECF No. 7 at 2. Respondents indicate that Petitioner is scheduled to have a bond hearing before an immigration judge on the morning of September 30, 2026. *See* ECF No. 8 at 2.

Before seeking judicial relief, habeas petitioners "are ordinarily required to exhaust their administrative remedies." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (collecting cases). Here, Petitioner is being detained under Section 1226(a), which allows the Attorney General to "arrest[] and detain[]" a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States[,]" provided that the noncitizen is not subject to mandatory detention under 8 U.S.C. § 1226(c). *See* 8 U.S.C. § 1226(a). A noncitizen detained under Section 1226(a) is permitted to request a bond redetermination hearing before an immigration judge. *See* 8 C.F.R. § 236.1(d)(1); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that [noncitizens] detained under [Section] 1226(a) receive bond hearings at the outset of detention."); *De Sousa v. Jamison*, No. 26-cv-4797, 2026 WL 2097226, at *2 (E.D. Pa. July 21, 2026) (finding that Section 1226(a) "unquestionably entitles [the petitioner] to a bond hearing before an immigration judge" (citations omitted)).

The Court concludes that Petitioner's Habeas Petition must be denied based on his failure to exhaust his administrative remedies. Here, the record reflects that Petitioner requested a bond hearing and is scheduled to receive one promptly. *See* ECF No. 7 at 2; ECF No. 8 at 2. If the immigration judge decides on September 30, 2026 that Petitioner is properly detained, he will have an opportunity to appeal that determination before the Board of Immigration Appeals. *See* 8 C.F.R.

§ 236.1(d)(3). However, until that administrative process plays out, as other courts in this District have concluded, the "merits of [Petitioner's] claims are not yet ripe for habeas review." *De Sousa*, 2026 WL 2097226, at *2; *see also Torres-Duran v. Blanche*, No. 26-cv-3586, 2026 WL 1878605, at *2–4 (E.D. Pa. June 30, 2026) (denying a habeas petition where a petitioner was detained under Section 1226(a) and failed to first request a bond hearing before seeking judicial relief); *I.K. v. Jamison*, No. 26-cv-3719 (E.D. Pa. June 9, 2026), ECF No. 10 (denying a habeas petition where the petitioner was detained pursuant to Section 1226(a) and was scheduled to receive a bond hearing the next day); *Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *2 (E.D. Pa. May 14, 2026) ("Petitioner must exhaust the administrative remedies provided by [Section] 1226(a) before seeking habeas relief from this Court."). Therefore, the Court will deny Petitioner's Habeas Petition (ECF No. 1).

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's Habeas Petition (ECF No. 1). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**